IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-160-GPM |
| | ) |
| AMERICAN COAL COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted). Plaintiff Thomas Jones brings this suit under Illinois law for alleged retaliatory discharge by Defendant American Coal Company ("American"). The case was filed originally in the Circuit Court of the First Judicial Circuit, Saline County, Illinois, and has been removed to this Court by American pursuant to 28 U.S.C. § 1441. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed sua sponte the notice of removal in this case, the Court discerns a flaw in American's pleading of jurisdictional facts.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Eyster v. Shade Tree Serv. Co.*, Civil No. 10-466-GPM, 2010 WL 2639680, at *1 (S.D. Ill. June 29, 2010).  In this instance American, as the removing party, has the burden of proof as to the existence of federal jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).  Under 28 U.S.C. § 1332 a corporation is deemed to be a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center."  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

In this instance American's notice of removal alleges properly that American is a corporation incorporated under Delaware law with its principal place of business in Ohio, and therefore American is a citizen of Delaware and Ohio for purposes of federal diversity jurisdiction.  Also, it appears that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, given that Jones pleads for compensatory damages in excess of $50,000, together with punitive

damages in excess of $100,000. Punitive damages are available, of course, on claims of retaliatory discharge under Illinois law. *See Motsch v. Pine Roofing Co.*, 533 N.E.2d 1, 7 (Ill. App. Ct. 1988) (recognizing that retaliatory discharge "is an appropriate tort for a punitive damage award"). Here, assuming that Jones's actual damages are, as he claims, at least $50,000, an award of punitive damages in a sum twice Jones's compensatory damages would bring the amount in controversy in this case above the jurisdictional threshold sum for diversity purposes. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (an award of punitive damages in a ratio of two to three times a plaintiff's actual damages may properly be reckoned into the jurisdictional amount for purposes of federal diversity jurisdiction). *Cf. Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 895-96 (7th Cir. 2003) (holding that the jurisdictional amount in controversy was not satisfied by a hypothetical award of punitive damages in a ratio of 29:1 to actual damages).

Unfortunately, American fails adequately to allege Jones's citizenship for purposes of federal diversity jurisdiction. American's notice of removal states only that Jones "is a resident of the State of Kentucky." Doc. 2 at 2 ¶ 5. To invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen, not a resident, of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) (remanding a case removed to federal court in diversity jurisdiction to the district court with instructions to remand the case to state court for lack of subject matter jurisdiction, where the removing party failed to amend allegations of the residence of individual parties to allege the

citizenship of those parties, despite multiple opportunities to do so). *See also Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("In his amended complaint and appellate brief, [the plaintiff-appellant] alleged only his residence, not his citizenship. An allegation of residency, however, is insufficient to establish diversity jurisdiction."); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each. Of course, allegations of residence are insufficient to establish diversity jurisdiction."). A natural person's state citizenship for diversity purposes is determined by the state where the person is domiciled, that is, the state where the person is physically present with an intent to remain in that state indefinitely. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ( "Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain[.]"); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile."); *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980) (citing Restatement (Second) of Conflict of Laws §§ 15, 16, 18 (1971)) ("To establish a domicile of choice a person generally must be physically present at the location and intend to make that place his home for the time at least."); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) ("'Citizenship' for diversity purposes is determined of course by a party's domicile, which means the state where a party is physically present with an intent to remain there indefinitely.") (citations omitted). American must amend its notice of removal to allege that Jones is a citizen of Kentucky, not a resident of Kentucky.

To conclude, American must file an amended notice of removal in conformity with this Order not later than 12:00 noon on Monday, February 27, 2012. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the First Judicial Circuit, Saline County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED: February 24, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge